**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 26-1895-JFW**                                    Date:  July 2, 2026

Title:        In Re: Death Row Records, Inc.
              Death Row Records, Inc., debtor -v- Lydia Harris, Appellant

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                   **None Present**
   **Courtroom Deputy**                                 **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                              None


**PROCEEDINGS (IN CHAMBERS):**        **ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT**
                                      **BE DISMISSED**


       On February 17, 2026, Appellant Lydia Harris ("Appellant") filed a Notice of Appeal, appealing the Bankruptcy Court's February 3, 2026 Order (1) Granting Motions to Dismiss Adversary Proceedings with Prejudice; (2) Vacating Status Conference; and (3) Directing the Clerk Not to Accept Documents for Filing from Lydia Harris Except for a Timely Notice of Appeal of this Order.  *See* Docket Nos. 1 and 10.  On May 29, 2026, the Court entered a Notice Re: Bankruptcy Record Complete, informing the parties "that this Court has received from the Clerk of the Bankruptcy Court either the record for the above-captioned appeal or notice that the record is available electronically."  Docket No. 17.  Pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically."  As a result, Appellant was required to file and serve her Opening Brief on or before June 29, 2026.  However, Appellant failed to file a timely Opening Brief and still has not filed an Opening Brief.

       Accordingly, the Court orders Appellant to show cause in writing no later than July 17, 2026, why this appeal should not be dismissed for failure to comply with Federal Rules of Bankruptcy Procedure Civil Procedure 8018.  *See Doe v. Rostker*, 89 F.R.D. 158, 163 (N.D. Cal. 1981) ("This court has both the duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases").  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this appeal.

       IT IS SO ORDERED.


Initials of Deputy Clerk __sr_